E-FILED
Thursday, 07 November, 2019 01:41:13 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL KOVACH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-cv-1306-JES-JEH |
| NATIONWIDE GENERAL INSURANCE COMPANY, | ) |
| Defendant. | ) |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff's Motion [5] to Remand and Defendant's Response [7] in Opposition. For the reasons set forth below, Plaintiff's Motion is DENIED.

### BACKGROUND

This matter stems from a complaint filed in the Circuit Court of Tazewell County by Plaintiff Michael Kovach ("Kovach") against Defendants Nationwide General Insurance Company ("Nationwide") and Tessa A. Alwan ("Alwan"). See *Michael J. Kovach v. Tessa A. Alwan, et al,* 2019-L-53 (Tazewell County 2019). The complaint contained three counts: two tort actions against Alwan for negligent driving and willful and wanton conduct, and one declaratory judgment action seeking a determination of the limits for Alwan's liability insurance policy with Nationwide. Nationwide filed a motion to sever and on September 10, 2019, the Circuit Court of Tazewell County entered an order severing the declaratory judgment action from the two tort actions. The order stated, "all parties having notice and being in agreement," though it was not clear whether the parties are severed and whether Nationwide is the sole defendant to the declaratory judgment action. D. 3-2, at 1. The tort claims were stayed until December 5, 2019, and the matter is set for status on that date.

1

On September 17, 2019, Nationwide filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Nationwide states removal is proper because Alwan was severed from the declaratory judgment action and, therefore, there is complete diversity of citizenship between the parties. D. 3, at 2. Kovach and Alwan are both citizens of Illinois. *Id.* Nationwide is an Ohio corporation with its principal place of business in Columbus, Ohio. *Id.* Nationwide argues that if Alwan is not dismissed as a defendant to the declaratory judgment action, then Alwan should be realigned with Kovach as "[Alwan's] interests are adverse to Nationwide, not Plaintiff Kovach." D. 7, at 3.

Kovach has moved for this matter to be remanded because the Circuit Court's order does not identify the parties to the declaratory judgment action. D. 5, at 2. Kovach argues Alwan is a necessary party to the declaratory judgment action and therefore, there is no diversity of citizenship. *Id.* Kovach argues in the alternative that if the Court finds Alwan was severed from the declaratory judgment action, Alwan is subject to joinder pursuant to Federal Rule of Civil Procedure 19(a). *Id.* at 3.

## LEGAL STANDARD

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between … citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005). "Ordinarily, a court will not interfere with the consequences of a plaintiff's selection in naming parties, unless the plaintiff has impermissibly manufactured diversity or used an unacceptable device to defeat diversity." *Lincoln Prop. Co.*, 546 U.S. at 93 (quoting 16 J. Moore et al., MOORE'S FEDERAL PRACTICE § 107.14[2][c], p. 107–67 (3d ed. 2005)).

Determination of whether a party is necessary or indispensable to a suit removed to federal court follows federal law, even in a diversity case. *Georgia-Pac. Corp. v. Sentry Select Ins. Co.,* No. 05-CV-826-DRH, 2006 WL 1525678, 6 (S.D. Ill. May 26, 2006). "Applicable case law, as previously illustrated, finds that when dealing with an issue of insurance coverage, the underlying claimants are necessary parties, whether the declaratory judgment action is filed by the insured or insurer." *Id.* at 8.

Where jurisdiction is based on diversity of citizenship, the court may ascertain whether the alignment of the parties as plaintiff and defendant conforms with their true interests in the litigation." *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981) (quoting *Indianapolis v. Chase National Bank*, 314 U.S. 63 (1941)). "Realignment is proper when ... no actual, substantial controversy exists between parties on one side of the dispute and their named opponents, although realignment may destroy diversity and deprive the court of jurisdiction." Id.

### DISCUSSION

Since the order severing the three counts does not clearly state whether both Alwan and Nationwide are defendants to the declaratory judgment action or if Nationwide is the sole remaining defendant, this Court could assume both are still defendants to the declaratory action. That assumption would defeat diversity and the case would be remanded as Plaintiff Kovach and Defendant Alwan are both citizens of Illinois.

If the Court takes Nationwide's position that Alwan is not a defendant to the declaratory judgment action, it would find Alwan is a necessary party under Rule 19. The issue of joinder in a diversity case is a matter of federal law. *Winklevoss Consultants v. Federal Ins. Co.*, 174 F.R.D. 416, 419 (N.D. Ill. 1997), *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1992). An absent party is deemed "necessary" if it "claims an interest relating to the subject matter of the action"

3

and the party's absence will either (a) prejudice his ability to protect that interest or (b) "leave any of the persons already parties subject to a substantial risk incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a). Regardless of whether Alwan remained a defendant to the declaratory judgment action or if she was severed by the Circuit Court's order and then joined as a necessary party under Rule 19, the Court must determine whether the parties are properly aligned in this action.

"Ordinarily the victim of an insured is on one side of the lawsuit and the insured and his insurance carrier are on the other…" *Truck Ins. Exch. v. Ashland Oil, Inc.*, 951 F.2d 787, 788 (7th Cir. 1992). However, the Seventh Circuit has recognized the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer vs. Insured and Injured Party. *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998). Further, a court should align the parties according to their ultimate interests before determining diversity. *Am. Motorists Ins. Co.*, 657 F.2d at 149. While this matter does not concern whether Nationwide should provide coverage to its insured, Alwan, it does concern the extent of that coverage.

It is reasonable to assume Alwan's interest in the insurance contract is to seek maximum coverage from Nationwide. Kovach's complaint stated his medical bills were more than $300,000. If the Court finds the maximum per person bodily injury limit is $100,000, Alwan could be personally liable for a substantial portion of a judgment if she is found liable for the tort actions. Although Kovach and Alwan have directly adverse interests in the underlying tort actions, a finding that the maximum policy limit is $400,000 mutually benefits Kovach and Alwan: Alwan would be relieved of having to pay the judgment out of her own pocket, at least to the extent of policy limit, and Kovach would be assured he would be able to collect at least a portion of the judgment owed him.

With Alwan realigned as a plaintiff to the declaratory judgment action, the removal of this action to federal court is proper. The Court retains jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because it is an action in which the amount in controversy exceeds $75,000 and there is diversity of citizenship between parties. Removal was therefore proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and the action will not be remanded to the Circuit Court of Tazewell County.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion [5] to Remand is DENIED. The Clerk is DIRECTED to realign Tessa Alwan as a plaintiff in this case.

Signed on this 7th day of November, 2019.

s/James E. Shadid_____
James E. Shadid
United States District Judge