E-FILED
Wednesday, 29 July, 2020 01:14:34 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

MICHAEL KOVACH and TESSA A. ALWAN,

Plaintiffs,

v.

NATIONWIDE GENERAL INSURANCE COMPANY,

Defendant.

Civil Action No. 1:19-cv-01306-JES-JEH

## ORDER AND OPINION

This matter is now before the Court on cross motions for summary judgment. Defendant Nationwide General Insurance Company filed a Motion for Summary Judgment (Doc. 17), along with a Memorandum in Support (Doc. 18). Plaintiff Michael Kovach filed a Response (Doc. 24) thereto, and Defendant filed a Reply (Doc. 27). Plaintiff Michael Kovach also filed a Motion for Summary Judgment (Doc. 22), to which Defendant filed a Response (Doc. 25) and Plaintiff Michael Kovach filed a Reply (Doc. 26) thereto. For the reasons set forth below, Defendant Nationwide General Insurance Company's Motion for Summary Judgment is GRANTED and Plaintiff Michael Kovach's Motion for Summary Judgment is DENIED.

### BACKGROUND

The parties stipulated to the following facts as material and undisputed. *See generally* Doc. 20. In October 2018, Plaintiff Tessa A. Alwan[1] ("Alwan") was driving a 2001 Toyota Corolla when she was involved in a motor accident with Plaintiff Michael Kovach ("Kovach").

[1] Plaintiff Tessa Alwan did not join Plaintiff Michael Kovach's Motion for Summary Judgment, nor has she filed an appearance pro se or through counsel. Any reference to "Plaintiff" in this Order refers to Kovach.

*Id.* at 1-2. The 2001 Toyota Corolla, which was owned by Alwan's parents, was covered by an insurance policy (the "Policy") issued by Defendant Nationwide General Insurance Company ("Nationwide"). The Policy covered four vehicles total. *Id.* at 1.

Following the accident, Kovach asserted a claim for bodily injury against the Policy. *Id.* at 2. Nationwide offered to settle the bodily injury claim for $100,000 because it is Nationwide's position that this is the maximum amount of coverage available under the Policy. *Id.* Kovach rejected the settlement offer and offered to settle for $400,000 because it is Kovach's position that the limits of liability for the four vehicles may be aggregated for total per person coverage of $400,000. *Id.*

Kovach subsequently filed a lawsuit against Nationwide and Alwan in the Circuit Court of Tazewell County. Doc. 1-1, at 2. The complaint contained two tort actions against Alwan and one action for declaratory judgment. *Id.* The declaratory judgment action sought a finding that "[the] Nationwide automobile insurance policy's Declaration Pages create an ambiguity regarding limits of liability" and that "the bodily injury limits of liability [are] $400,000." *Id.* at 9. Nationwide filed a motion to sever the declaratory judgment action from the two tort actions, and on September 10, 2019, the Circuit Court of Tazewell County granted Nationwide's motion to sever. Doc. 1, at 1.

On September 18, 2019, Nationwide filed a notice of removal for Kovach's declaratory judgement action pursuant to 28 U.S.C. § 1441. *Id.* at 3. The tort actions remain in State court. On October 11, 2019, Kovach moved to remand the case. *Id.* The Court denied Kovach's motion and realigned Tessa Alwan as a Plaintiff in this matter, retaining jurisdiction pursuant to 28 U.S.C. § 1332. *Id.*

The Policy includes the following language:

> **Limit of Liability**
>
> A. The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.
>
> * * *
>
> This is the most we will pay regardless of the number of:
>
> 1. "Insureds";
> 2. Claims made;
> 3. Vehicles or premiums shown in the Declarations; or
> 4. Vehicles involved in the auto accident. A vehicle and attached "trailer" are considered as one vehicle. Therefore, the Limit of Liability will not be increased for an accident involving a vehicle which has an attached "trailer."

Doc. 20-1, at 23-24.

The Policy Declarations contains each insured vehicle separately with a corresponding schedule of coverages. Doc. 20-1, at 9-13. On the first page of the Policy Declarations, the following language is included under General Policy Information:

> **Issued: September 17, 2018**
> These Declarations are a part of the policy named above and identified by the policy number above. They supersede any Declarations issued earlier. Your policy provides the coverages and limits shown in the schedule of coverages. They apply to each insured vehicle as indicated. Your policy complies with the motorist' financial responsibility laws of your state only for vehicles for which Property Damage and Bodily Injury Liability coverages are provided.

Doc. 20-1, at 9.

The Policy Declarations lists the following coverages and limits of liability for the 2016 Kia Forte Ex:

Insured Vehicle(s) and Schedule of Coverages

2016 Kia Forte Ex

| Coverages | Limits of Liability | Premium |
|---|---|---|
| Bodily Injury Liability | $ 100,000 Each Person<br>$ 300,000 Each Occurrence | $ 532.00 |
| Property Damage Liability | $ 100,000 Each Occurrence | $ 351.14 |
| Medical Payments | $ 5,000 Each Person | $ 47.76 |
| Uninsured / Underinsured Motorists Bodily Injury | $ 100,000 Each Person<br>$ 300,000 Each Occurrence<br>See Endorsement | $ 40.56 |
| Damage To Your Auto Other Than Collision (Comprehensive) | Actual Cash Value Less $ 250 | $ 141.86 |
| Collision | Actual Cash Value Less $ 250 | $ 488.56 |
| Custom Equipment | $ 3,000 | Included |
| Rental Reimbursement | $ 30 Per Day<br>$ 900 Per Accident<br>See Endorsement | $ 34.64 |
| Loss Payee - Ally | Lien Expires On Nov 17, 2023 | |
| | Total for this Vehicle | $ 1,636.52 |

*Id.* at 10.

The Policy Declarations lists the following coverages and limits of liability for the 2016 Toyota Corolla L:

Insured Vehicle(s) and Schedule of Coverages (continued)

2016 Toyo Corolla L

| Coverages | Limits of Liability | Premium |
|---|---|---|
| Bodily Injury Liability | $ 100,000 Each Person<br>$ 300,000 Each Occurrence | $ 454.52 |
| Property Damage Liability | $ 100,000 Each Occurrence | $ 359.74 |
| Medical Payments | $ 5,000 Each Person | $ 43.88 |
| Uninsured / Underinsured Motorists Bodily Injury | $ 100,000 Each Person<br>$ 300,000 Each Occurrence<br>See Endorsement | $ 32.44 |
| Damage To Your Auto Other Than Collision (Comprehensive) | Actual Cash Value Less $ 250 | $ 127.18 |
| Collision | Actual Cash Value Less $ 250 | $ 537.48 |
| Custom Equipment | $ 3,000 | Included |
| Rental Reimbursement | $ 30 Per Day<br>$ 900 Per Accident<br>See Endorsement | $ 34.64 |
| Loss Payee - Cefcu | Lien Expires On Mar 18, 2023 | |
| | Total for this Vehicle | $ 1,589.88 |

*Id.* at 11.

The Policy Declarations lists the following coverages and limits of liability for the 2010 Toyota Tundra:

2010 Toyo Tundra

| Coverages | Limits of Liability | Premium |
|---|---|---|
| Bodily Injury Liability | $ 100,000 Each Person | $ 290.66 |
| | $ 300,000 Each Occurrence | |
| Property Damage Liability | $ 100,000 Each Occurrence | $ 246.40 |
| Medical Payments | $ 5,000 Each Person | $ 21.64 |
| Uninsured / Underinsured Motorists Bodily Injury | $ 100,000 Each Person | $ 52.44 |
| | $ 300,000 Each Occurrence<br>See Endorsement | |
| Damage To Your Auto | Actual Cash Value Less $ 250 | $ 128.24 |
| Other Than Collision (Comprehensive) | | |
| Collision | Actual Cash Value Less $ 250 | $ 335.92 |
| Custom Equipment | $ 3,000 | Included |
| Rental Reimbursement | $ 30 Per Day<br>$ 900 Per Accident<br>See Endorsement | $ 34.64 |
| Loss Payee - Cefcu | Lien Expires On Mar 01, 2022 | |
| | Total for this Vehicle | $ 1,009.94 |

*Id.*

Finally, the Policy Declarations lists the following coverages and limits of liability for the 2001 Toyota Corolla:

Insured Vehicle(s) and Schedule of Coverages (continued)

2001 Toyo Corolla

| Coverages | Limits of Liability | Premium |
|---|---|---|
| Bodily Injury Liability | $ 100,000 Each Person | $ 467.16 |
| | $ 300,000 Each Occurrence | |
| Property Damage Liability | $ 100,000 Each Occurrence | $ 282.04 |
| Medical Payments | $ 5,000 Each Person | $ 38.02 |
| Uninsured / Underinsured Motorists Bodily Injury | $ 100,000 Each Person | $ 32.44 |
| | $ 300,000 Each Occurrence<br>See Endorsement | |
| Uninsured Motorists Property Damage | $ 15,000 Each Occurrence<br>See Endorsement | $ 6.86 |
| | Total for this Vehicle | $ 026.52 |

*Id.* at 12.

## LEGAL STANDARD

Summary judgment is appropriate where the movant shows, through "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations … admissions, interrogatory answers, or other materials" that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

The parties agree Illinois law governs the interpretation of the insurance policy in this case. Under Illinois law, the Court must review the language of the policy to ascertain and give effect to the intention of the parties. *Founders Ins. Co. v. Munoz*, 237 Ill. 2d 424, 433, 930 N.E. 2d 999 (2010). The policy must be considered as a whole and every provision, rather than an isolated part, should be examined to determine whether an ambiguity exists. *Id.* at 433. If there are no ambiguities, then the policy must be construed according to the plain and ordinary meaning of its terms. *River v. Commercial Life Ins. Co.*, 160 F.3d 1164, 1169 (7th Cir. 1998). Any ambiguities in the provisions of an insurance policy are construed against the drafter of the contract, the insurer, and in favor of the insured. *Id.* "A court should not search for ambiguity where none exists. Mere disagreement about the interpretation of an insurance contract does not render it ambiguous." *Id.* (citation omitted). A policy provision may be considered ambiguous if the policy language is susceptible to more than one reasonable interpretation. *Founders*, 237 Ill. 2d at 433.

## DISCUSSION

Kovach and Nationwide agree there is no genuine dispute of material fact, and both parties have moved for summary judgment. The sole issue before the Court is if setting the Policy Declarations out individually is ambiguous when read in conjunction with the Policy as a whole. The Policy Declarations list each of the four vehicles separately and the listing for each vehicle includes "limits of liability" in the amount of $100,000 per person for personal injury liability and $300,000 per occurrence for personal injury liability.

Plaintiff Kovach argues that because the Policy Declarations list the limits of liability separately under each of the four vehicles, one could reasonably interpret the Policy as if the Alwans had made four purchases of liability coverage for $100,000 per person. Doc. 22, at 6. As

such, Kovach argues the limits may be aggregated (or "stacked") for total per-person coverage of $400,000. *Id.* Kovach asserts that because there is more than one reasonable interpretation of the Policy, there exists an ambiguity which must be liberally construed in favor of coverage and against Nationwide. *Id.* at 4, 6.

Defendant argues the Limited Liability clause precludes a finding of ambiguity. Doc. 18, at 9. It asserts the language of the Limited Liability clause is clear and unambiguous. *Id.* Defendant argues the differences in coverage listed in the Policy Declarations for each vehicle, the General Policy Information at the beginning of the Policy Declarations, and the per-vehicle nature of auto insurance are each valid justifications to find no ambiguity in the per-vehicle configuration of the Policy Declarations. *Id.*, at 11; Doc. 19, at 7; Doc. 18, at 12.

The Illinois Supreme Court recently clarified in *Hess v. Estate of Klamm* how courts ought to interpret limited liability clauses (commonly referred to as "anti-stacking clauses"). No. 124649, 2020 Ill. WL 398838. Both parties focused their arguments on the applicability of *Hess* to the instant case. *See generally* Doc. 22 *and* Doc. 18. The policy in *Hess* had an identical limited liability clause to that of the Nationwide policy. *Compare Hess*, 2020 Ill. 124649, at ¶ 5, *with* Doc. 20-1, 23, 24. In the policy in question in *Hess*, "the first page lists the liability limits for Autos 1, 2, and 3. The second page lists the liability limits for Auto 4." *Id.* at ¶ 24.

The court in *Hess* indicated that what was important about multiple listings was not necessarily the number of times something is listed in the declaration page, but the way it is listed, thus necessitating a case by case analysis. *Hess*, 2020 Ill. 124649, at ¶¶ 11, 22. They also held "[previous findings that multiple liability limits listed in a declaration page can bring about ambiguity] should not be construed as 'establishing a *per se* rule that an insurance policy will be deemed ambiguous as to the limits of liability anytime the limits are noted more than once on the

declarations.'" *Id.* at ¶ 22 (citing *Bruder*, 620 N.E.2d at 362). The *Hess* court continued, "although the liability limits are technically listed twice, we find this does not create an ambiguity with respect to stacking." *Id.* at ¶ 24. So, even though a limit of liability was listed multiple times, that was not enough on its own to claim a reasonable ambiguity. One must read the Policy as a whole to discern if it is ambiguous. *Id.* at ¶ 14.

Defendant cites *Grinnell Select Ins. Co. v. Baker* to illustrate its point that the language of the limited liability clause alone is sufficient to bar stacking regardless of declarations. 362 F.3d 1005 (7th Cir. 2005). *Grinnell* was an insurance stacking case from the Seventh Circuit with an identical limited liability clause to this case. Defendant cites the opinion where the court found "'[i]t is hard to imagine clearer language' prohibiting stacking of liability limits [than this case's.]" Doc. 18, at 9 (citing *Grinnell*, 362 F.3d at 1006). *Grinnell* continued that a limited liability clause such as this was clear enough to dispel any ambiguity, even in the midst of a contrary Illinois Fifth District ruling on the matter. *Id.* at 1007. They predicted that they would "expect the Supreme Court of Illinois to follow [the various cases in other jurisdictions where similar antistacking language forecloses stacking,]" rather than one outlier district court case. *Id.* However, since *Grinnell,* the Illinois Supreme Court has found that an identical wording of a limited liability clause is not enough, on its own, to dispel all ambiguity from a policy with certain constructions of a declaration page. *See Hess*, 2020 Ill. 124649, at ¶ 24. So, the Limit of Liability clause in this case does not foreclose the need for analysis concerning if the Policy, read as a whole, is ambiguous. This Court agrees the Limit of Liability clause here is incredibly clear on the matter, which does impact how the Policy is read as a whole, but it does not end the discussion.

The Court here is met with a Policy which contains an identical limited liability clause to that of *Hess* and has multiple limits of liability listed on the Policy Declarations. Plaintiff asserts that "by listing the limits of liability multiple times on the policy declarations pages, the

Nationwide Policy creates the reasonable interpretation that the Alwans purchased $100,000 in coverage four times and, as such, that these limits may be aggregated for total per person coverage of $400,000." Doc. 22, at 6. However, the *Hess* decision makes it clear that listing the liability limits multiple times is not always an indicator that the policy in question is ambiguous. *See Hess*, 2020 Ill. 124649, at ¶ 22. In *Hess*, the decision hinged on if there was a reasonable way to read the policy as allowing stacking. The court found that it was persuasive that the defendant had needed multiple pages to list the vehicles which that policy covered. *Id.* at ¶ 24. Defendants need to have a reasonable justification to list their liability limits multiple times in the declarations. *Id.* Nationwide argues that they have such a justification; "[a] reasonable explanation for listing the coverages and liability limits for each vehicle insured is because the coverages may vary." Doc. 18, at 11. This Court agrees with this reasoning. Coverages for individual vehicles may vary, and, in this case, they do. The 2001 Corolla has no protection for the auto itself, while the other vehicles do. It seems reasonable for a company to desire to lay out in detail what exactly is happening with each vehicle when coverages vary.[2]

Plaintiff admits, "[*Hess'* insistence that listing liability limits multiple times does not necessitate ambiguity], without further discussion by the *Hess* court and without consideration of *Bruder* and its progeny, arguably could strengthen Nationwide's argument in this matter." Doc. 22, at 11. So, this Court will address those cases that Plaintiff suggests change the analysis.

The *Bruder dicta* suggests that listing multiple liability limits in a per vehicle fashion could bring about ambiguity, but the *Hess* court insists this is not always the case.

> In *dicta* . . . this court hypothesized that "[i]t would not be difficult to find an ambiguity" if the policy listed individual liability limits for each covered vehicle. *Bruder*, at 192, 189 Ill.Dec. 387, 620 N.E.2d 355. We reasoned [in *Bruder*] that, if

[2] Because the Court is persuaded by this analysis, there is no need to address Defendant's insistence that the General Policy Information paragraph clarifies the situation.

> there were a separate limit listed for each vehicle on the declarations page, there would be little to suggest that the parties intended to limit coverage to the amount provided for only one of the vehicles. *Id.* Rather, "[i]t would be more reasonable to assume that the parties intended that, in return for the two premiums, two $100,000 coverage amounts were afforded." *Id.* . . . [T]his should not be construed as 'establishing a *per se* rule that an insurance policy will be deemed ambiguous as to the limits of liability anytime the limits are noted more than once on the declarations.'. . . Rather, the question should be decided on a case-by-case basis."

*Hess*, 2020 IL 124649, at ¶ 20-22 (citation omitted).

In this case, the clear incentive to specify detailed coverage per vehicle in conjunction with a Limit of Liability clause that specifically limits maximum payments for each person for bodily injury liability overwhelms the suggestion that listing liability limits multiple times could, in some circumstances, bring about ambiguity. Thus, the *Bruder dicta* does not change the conclusion of this case. Rather, as *Hess* insists is appropriate, a case-by-case analysis leads this Court to the conclusion that, read as a whole, this Policy is not ambiguous.

Additionally, the other cases Plaintiff cites are not persuasive. The "progeny of *Bruder*" Plaintiff cites are *Cherry v. Elephant Insurance Co.*, 94 N.E.3d 1265 (Ill. App. Ct. 2018) and *Johnson v. Davis*, 883 N.E.2d 521 (Ill. App. Ct. 2007), where Illinois appellate courts found in favor of stacking when vehicles were listed separately on the declaration page, each with its own liability limits. Doc. 22, at 11. The court in *Hess* distinguished these cases because they had a different declaration page set-up from the policy in question in that case, which implies the cases need to be substantially similar to the policy in this case in order for them to apply. *Hess*, 2020 IL 124649, at ¶ 26. The limited liability clauses were substantially different in each of those cases from the instant case. In this case, the Limit of Liability clause specifies "the limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages . . ." Doc. 20-1, at 23-24. It specifically connects the limits to each person and asserts that those limits are the maximum Nationwide would pay. In *Cherry* the

limited liability clause makes no references to maximum payments for each person, as is the case here. *Cherry*, N.E.3d at 1268. In *Johnson,* the limited liability clause also does not specify coverage limits are for each person as is the case here. *Johnson*, 883 N.E.2d at 526. In short, the Limit of Liability clause in this case is much clearer if each individual limit listed as personal bodily injury is indeed the maximum Nationwide would pay for each person. Comparing the policies in *Cherry* and *Johnson* to the instant case misses the crucial point that their limited liability clauses are less clear, thus, in those cases, the declaration page set-up would matter more to the analysis. This Court must read the Policy as a whole, not just the Declaration Pages, to discern ambiguity.

The Nationwide Policy contains a clear Limit of Liability clause and has a reasonable justification to list the vehicles as it does in the Policy Declarations. These facts overwhelm the implications of the *Bruder dicta*, as the *Hess* court suggested was possible, and substantial differences in the policies distinguish *Cherry* and *Johnson* from this case. The Court finds there is no reasonable ambiguity regarding the limits of liability coverage and the bodily injury limits of liability for the four vehicles cannot be aggregated for total per person coverage of $400,000.

**CONCLUSION**

For the reasons listed above, Defendant Nationwide's Motion for Summary Judgment [17] is GRANTED and Plaintiff Kovach's Motion for Summary Judgment [22] is DENIED. The Clerk is directed to close the case.

Signed on this 29th day of July 2020.

s/James E. Shadid
James E. Shadid
United States District Judge